**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Shahbaz Shahabi,

Plaintiff,

v.

Shahin Shahabi, et al.,

Defendants.

Case No. 2:26-cv-00393-APG-BNW

**ORDER**

Before this Court is Defendants' Motion to Stay Discovery. ECF No. 21. Plaintiff opposed (ECF No. 23), and Defendants replied (ECF No. 26). The parties are familiar with their arguments. As a result, this Court does not repeat them. Instead, it incorporates them as relevant to this order. For the reasons below, the motion is granted.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. Id. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (i.e., the Court must be convinced after a superficial look at the dispositive motion that the plaintiff cannot state a claim) inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at *3–4.

This Court believes a more workable analytical framework exists for determining when motions to stay discovery should be granted. As a result, the test this Court considers is (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence

the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed. R. Civ. P. 1, the court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004).

**II. ANALYSIS**

**A. The Motion to Dismiss can be decided without further discovery.**

Plaintiff concedes that "additional discovery is not needed for this Court to decide the Motion to Dismiss." ECF No. 23 at 12. Defendants agree. As a result, this requirement is met.

**B. Good cause exists to stay discovery.**

At the outset, this case illustrates why the preliminary peek test is not practical in cases such as these. It is not possible to perform a cursory assessment of the motion's merits and come away convinced of its resolution. The analysis regarding abstention would first require a predicate finding on whether Plaintiff's unjust enrichment claim is independent of the request for declaratory relief. *See Snodgrass v. Provident Life & Acc. Ins. Co*., 147 F.3d 1163, 1167–68 (9th Cir. 1998*); United Nat'l Ins. Co. v. R&D Latex Corp*., 242 F.3d 1102, 1112–13 & n.13 (9th Cir. 2001). Depending on that determination, it might then require a prediction of how the District Court would weigh the abstention factors under whichever framework governs. Given these layered contingencies, the outcome of the motion is not something this Court can forecast with any confidence.

This Court therefore applies the good-cause test and finds it exists here. As a threshold matter, this Court rejects Plaintiff's contention that "[s]ome extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c)." ECF No. 23 at 18 (quoting *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). No such heightened showing is required. Neither the Ninth Circuit nor the text of Rule 26(c) demands it.

This Court rests its good-cause finding on two related grounds: the duplicative nature of the two pending actions and the resulting burden of parallel discovery, and the pendency of a request to abstain from the exercise of jurisdiction while a parallel action proceeds on the same subject matter.

Plaintiff filed two actions against the same defendants within weeks of one another: the first in California on December 22, 2025, and the second here on January 12, 2026 (removed February 13, 2026). Defendants' cross-complaint in the California case seeks rescission of the very same three real property agreements that are the subject of Plaintiff's declaratory relief claim in this action. Importantly, Plaintiff moved to strike the cross-complaint and the California court denied the motion. ECF No. 21 at 5–6; ECF No. 21-3. The enforceability of the agreements is therefore squarely at issue both in California and Nevada, and discovery, which will consist of the parties' (decades-long) relationship and the circumstances surrounding the agreements, will substantially overlap between the two cases.

Requiring Defendants to respond now to Plaintiff's Nevada discovery, while the same subject matter is being litigated in California, would impose the burden and expense of duplicative discovery in two jurisdictions. It would entail two sets of document productions and responses and duplicate depositions on the same subjects. And the overlapping discovery burden exists regardless of whether the unjust-enrichment claim ultimately remains.[1]

The posture of this case independently supports the good-cause finding. The Motion to Dismiss asks the Court to abstain from exercising jurisdiction over this action in favor of the parallel California proceeding. If the District Judge abstains, most if not all of the discovery

---

[1] Of note, Plaintiff argues that the Motion to Dismiss would not dispose of the entire case because the unjust enrichment claim would remain, and that a stay of discovery is warranted only where the pending motion would be dispositive of the entire action. Many decisions from this District have stated that for a stay to be warranted, "the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Tradebay*, 278 F.R.D. at 602. But whether the unjust enrichment claim is independent of the request for declaratory relief is one of the central questions the District Court must resolve in deciding whether to abstain from exercising jurisdiction. Plaintiff's argument therefore assumes the answer to a question that is itself part of the pending motion. In any event, good cause supports the stay for the independent reasons set forth above, and this Court exercises its discretion accordingly.

Plaintiff now demands would be conducted in California. Several courts have stated that the pendency of a motion challenging jurisdiction strongly favors a stay of discovery. *Snake River Waterkeeper v. J.R. Simplot Co.*, No. 1:23-CV-00239-DCN, 2023 WL 5748152 (D. Idaho Sept. 6, 2023)(collecting cases); *SmarterSwipe, Inc. v. Navarrete*, No. 2:24-CV-00299-CDS-MDC, 2024 WL 1344713 (D. Nev. Mar. 29, 2024). Although this case involves a request to abstain rather than a direct challenge to the existence of jurisdiction, the same rationale (avoiding discovery that a jurisdictional ruling may render unnecessary) applies.

Balancing these considerations under Rule 1, this Court finds it more just to briefly delay discovery in this action to accomplish the just, speedy, and inexpensive determination of the case. *Tradebay*, 278 F.R.D. at 603. Important to this decision, Defendants have indicated they are willing to make the California discovery available so it can be used in the instant case. That willingness assuages Plaintiff's concerns and ensures the case is not completely stalled during the stay and that discovery is not entirely delayed. As set out below, this Court directs the parties to meet and confer on a protocol making that discovery available to Plaintiff's counsel in this action.

//

//

//

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within ten (10) days of this order, the parties shall meet and confer regarding a protocol under which discovery taken or produced in the parallel California Action (a) will be made available to Plaintiff's counsel in this action and (b) may be used in this action, so as to avoid duplicative discovery. The parties shall file a joint status report describing the results of that conference within 20 days of this order.

**IT IS FURTHER ORDERED** that the parties file a status report, if applicable, within 10 days of the order on the Motion to Dismiss.

DATED: August 4, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE